IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **DANIEL W. FITZGERALD**　　　　　　　　　　Plaintiff, | |
| v. | Case No: 1:18-cv-758 |
| **VIRGINIA COMMONWEALTH, et al.**　　　　　　　　　　Defendants | |

**DEFENDANT JEFFREY MANGENO'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

COMES NOW your defendant Jeffrey Mangeno, by and through counsel, and respectfully submits this Memorandum in Support of His Motion to Dismiss For Failure to State a Claim Upon Which Relief May be Granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of his motion Defendant Mangeno states as follows:

**STANDARD OF REVIEW**

1. A party may assert by motion a defense that a pleading has failed to state a claim upon which relief can be granted. A motion asserting such a defense must be made before a responsive pleading is made. FRCP 12(b)(6).

2. In evaluating a Motion to Dismiss under FRCP 12(b)(6) a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consisted with the complaint's allegations." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Such a Motion must be read in conjunction with FRCP 8(a)(2) which requires only a "short and plain statement of the claim showing

2. that the pleader is entitled to relief." Edwards v. Murphy-Brown, LLC, 760 F. Supp. 2d 607, 615 (E.D. Va. 2011) quoting Fed. R. Civ. P. 8(a)(2).

3. Finally, a court should grant a Motion to Dismiss under FRCP 12(b)(6) where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 614.

## STANDARD FOR PLEADINGS

4. The standard for a sufficient claim for relief is stated in *Bell Atl. Corp v. Twombly* which states: "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the company are true (even if doubtful in fact)[.]" Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

5. This standard was further refined in *Ashcroft v. Iqbal* which stated

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citiations omitted).

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST JEFFREY MANGENO

6. The Complaint filed in this case is confused, nonsensical and unsupported by any law or facts upon which relief may be granted by this Court.

7. The Complaint does not allege specific facts which would give rise to any valid request for relief and refers only to unidentified "investigations" which have allegedly been conducted along with conclusory statements regarding alleged "Fraud Upon the Court" and "Fraud Upon the Judge" Complaint ¶ 3-5.

8. Specifically in regards to Defendant Mangeno, the Complaint makes no specific allegations against him or even mentions his name outside of the case caption.

## CONCLUSION

9. By any reasonable measure the Complaint as filed fails to meet the standard set by *Twombly* and *Iqbal*.

10. The Complaint fails to allege sufficient facts or allegations against Defendant Jeffrey Mangeno to support a claim for relief.

11. For the foregoing reasons Defendant Jeffrey Mangeno's "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted" should be granted and this action Dismissed as to Defendant Mangeno.

/s/ Daniel F. Izzo
T. Wayne Biggs, Esq. (VSB 41281)
Daniel F. Izzo, Esq (VSB 80507
Dycio & Biggs
10533 Main Street
Fairfax, VA 22030
703-383-0100
703-383-0101 (fax)
dizzo@dyciolaw.com
twbiggs@dyciolaw.com
*Counsel for Jeffrey Mangeno*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 24, 2018 I filed a copy of the foregoing via the ecf filing system and mailed via first class mail postage pre-paid to the following:

Daniel W. Fitzgerald<br>
c/o Rona Theresa<br>
7802 Killebrew Drive<br>
Annandale, Virginia 22003

      /s/ Daniel F. Izzo_____
      Daniel F. Izzo, Esq.
      *Counsel for Jeffrey Mangeno*