IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DANIEL W. FITZGERALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-758 (AJT/TCB) |
| ) | |
| VIRGINIA COMMONWEALTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendant Jeffrey Mangeno's Motion to Dismiss [Doc. No. 4] (the "Motion"). On August 6, 2018, a document titled "Answer and Response in the Nature of a memorandum of Law Herein and Throughout to Motion to Dismiss by Untimely Defendant Mangeno and Counsel" (the "Answer") [Doc. No. 10] was filed, which appeared to be a response to the Motion, but was not signed by the *pro se* Plaintiff Daniel W. Fitzgerald or an attorney admitted to the bar of this Court. On August 15, 2016, the Court ordered the Answer stricken, as well as other documents filed on Fitzgerald's behalf without his signature or the signature of an attorney admitted to the bar of this Court, and directed Fitzgerald to file a proper response to the Motion. On August 21, 2018, the Court received a letter from Fitzgerald, stating that he is incarcerated in Loudoun County, Virginia, and unable to file a response to the Motion.[1] Because Fitzgerald has not responded to the Motion, as directed, the Court will proceed to consider the Motion on the merits.

In the Motion, Mangeno argues that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A

---

[1] In his letter, Fitzgerald does not explain why he wasable to file the letter but not a response to the Motion.

Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1994). Rule 8(a) requires a plaintiff to allege "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face"); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). As the Supreme Court stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008), "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the conduct alleged."

The Complaint in this case is incomprehensible. The Complaint does not identify what causes of action the Plaintiff asserts against the Defendants; and none are discernible. He appears to allege that he was prosecuted in state court on unspecified charges, and that his prosecution was tainted by "fraud upon the court" and "fraud upon the judge." Compl. ¶¶ 4-5. However, the Complaint fails to allege facts giving rise to any cognizable claim based on those types of allegations. At best, the Complaint alleges the conclusory results of an unspecified "investigation," but does not allege what this investigation involved, or more importantly, any facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Complaint therefore fails to meet Rule 8(a)'s requirements that it plead "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Additionally, with respect to Defendant Mangeno, the Complaint makes no specific allegations against him, and therefore fails to state a claim with respect to Mangeno. Mangeno's

Motion will therefore be granted and the Complaint will be dismissed as to him. Because the Complaint likewise fails to allege any facts that would give rise to any cognizable claim against any named Defendant and this action is frivolous, the Complaint will be dismissed as to all other Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is hereby

ORDERED that the Motion [Doc. No. 4] be, and the same hereby is, GRANTED; and it is further

ORDERED that this action be, and the same hereby is, DISMISSED.

The Clerk is directed to forward Copies of this Order to all counsel of record and to the *pro se* Plaintiff and to enter judgment against the Plaintiff pursuant to Fed. R. Civ. P. 58.

_____/s/_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
August 22, 2018